IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TRELLINY T. TURNER,**

    Petitioner,

v.                                                        **Case No. 4:13cv438-MW/CAS**

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about July 24, 2013, Petitioner Trelliny T. Turner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, with a supplement. ECF No. 1. On November 6, 2013, Respondent filed an answer, with attachments. ECF No. 8. Petitioner filed a response on December 11, 2013. ECF No. 9.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes that Petitioner has not demonstrated entitlement to proceed under § 2241 and, accordingly, this action should be dismissed.

## **Background**

By superceding indictment filed February 17, 2005, in the United States District Court for the Middle District of Georgia, case number 04-00020-CR-HL-7, Petitioner Trelliny T. Turner, and two co-defendants, were charged with several offenses in connection with the theft of approximately $266,000 from a U.S. Post Office in Valdosta, Georgia, on September 3, 2004.  ECF No. 8 Ex. 1[1]; United States v. Turner, 474 F.3d 1265, 1266-67 (11th Cir. 2007).  In particular, Turner was charged with the following counts: (1) conspiring to steal U.S. Mail, in violation of 18 U.S.C. §§ 371 and 1708; (2) theft of U.S. Mail, in violation of 18 U.S.C. § 1708; (3) interstate transportation of stolen cash from Valdosta, Georgia, to Newark, New Jersey, in violation of 18 U.S.C. § 2314; (6) conduct misleading to a law enforcement officer with the intent to hinder, delay, or prevent communication of information relating to the commission of a federal offense, in violation of 18 U.S.C. § 1512(b)(3); and two counts of money laundering, one involving a Ford Explorer (Count (7)) and one involving a Chevy Suburban (Count (8)), both in violation of 18 U.S.C. § 1957.  Turner,

---

[1]Hereinafter, all citations, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 8.

Case No. 4:13cv438-MW/CAS

474 F.3d at 1267.  Turner proceeded to trial, along with one of the co-defendants, and the jury convicted her on Counts (1), (2), (3), (6) and (8).  *Id.*; Ex. 2 (jury verdict).  The court sentenced her to 240 months in prison.  Turner, 474 F.3d at 1266, 1280-81; Ex. 3 (judgment).  On direct appeal, the Eleventh Circuit affirmed her convictions and sentence.  Turner, 474 F.3d at 1266-67.

Turner filed a § 2255 motion to vacate sentence on November 24, 2008, which the court denied.  *See* Turner v. United States, Nos. 7:08cv90039(HL) and 7:04cr20-001(HL), 2009 WL 1652180 (M.D. Ga. June 10, 2009) (order adopting report and recommendation to deny § 2255 motion); Exs. 4 (§ 2255 motion), 5 (memorandum), 6 (order).  Turner sought a certificate of appealability and that was also denied.  *See* Turner v. United States, No. 7:04cr20(HL), 2009 WL 1924736 (M.D. Ga. July 1, 2009) (order denying application for certificate of appealability); Ex. 7.  Turner's motion for reconsideration was also denied, on February 16, 2010.  Ex. 8.

Turner subsequently filed an application in the Eleventh Circuit for leave to file a second or successive § 2255 motion.  On July 24, 2012, the Eleventh Circuit denied her application.  Ex. 9.

As indicated above, Turner, an inmate at the Federal Correctional Institution in Tallahassee, Florida, filed her § 2241 petition in this court on July 24, 2013.  ECF No. 1.  She raises three grounds:

> (1) Her "Sixth Amendment right to have a jury determine the elements of a criminal offense beyond a reasonable doubt [was] violated when instead a Judge found [a] fact that increased the prescribed range of penalties."  *Id.* at 3.
>
> (2) The district court violated her "Sixth Amendment right by improperly ordering restitution of $266,000.00, above guideline maximum of $250,000.00 increasing sentence and punishment above statutory maximum."  *Id.* at 4.
>
> (3) "[P]roof of 'actual innocence' serve[s] as a gateway through which a federal habeas corpus petitioner may pass regardless of whether the impediment to consideration of the merits of her constitutional claim is a procedural bar," where her conviction for money laundering is illegal.  *Id.*

Respondent filed an answer, with attachments.  ECF No. 8. Respondent explains that Turner challenges the validity of her convictions and sentence, and this court lacks jurisdiction to grant her the relief she seeks.  *Id.* at 4.  Respondent asserts that Turner has filed this § 2241 petition because she is procedurally barred from filing a motion under § 2255.  *Id.* at 4-5.  Respondent argues Turner cannot avoid that bar by invoking the "savings clause," which permits relief to be sought under § 2241 if the remedy by § 2255 motion is inadequate or ineffective to test

the legality of the detention.  *Id.* at 5.  Respondent asserts that Turner has not meet the savings clause requirements for this petition to proceed, as set forth in Wofford v. Scott, 177 F.3d 1236, 1244-45 (11th Cir. 1999).  ECF No. 8 at 5-8.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.  *See* United States v. Hayman, 342 U.S. 205 (1952).  The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement.  342 U.S. at 213.  Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title

28. *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford, 177 F.3d at 1239.

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention.  *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

A collateral attack on the validity of a federal conviction and sentence is properly brought under 28 U.S.C. § 2255 in the district of conviction. *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915 F.2d at 629. The Eleventh Circuit has explained:

> In general, a federal prisoner seeking to challenge the legality of his conviction or sentence has two bites at the apple: one on direct appeal, and one via a § 2255 motion. In the interests of finality, the law generally bars prisoners from filing second or successive § 2255 motions, except when "certified as provided in section 2244[(b)(3)(A)] by a panel of the appropriate court of appeals to contain" either "newly discovered evidence" of actual innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h); Gilbert [v. United States], 640 F.3d [1293,] 1309 [(11th Cir. 2011 (en banc)]. This bar on second or successive motions is jurisdictional.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th Cir. 2013). "A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241." Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (citing Wofford, 177 F.3d at 1245); *see, e.g.*, Antonelli, 542 F.3d at 1351.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis). The italicized language, known as the "savings clause," allows review of a claim barred as successive under § 2255, but only in limited circumstances:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244. Failure to meet a single prong means a petitioner's claim fails. *See* Wofford, 177 F.3d at 1244; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir. 2008). "The applicability of the savings clause is a threshold jurisdictional issue, and the savings clause imposes a subject-matter jurisdictional limit on § 2241 petitions." Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing

Williams, 713 F.3d at 1337-38). A petitioner has the burden of demonstrating entitlement to proceed under the savings clause. *Id.*

In this case, the grounds Turner raises in her § 2241 petition challenge the validity of her convictions and sentence, not the execution of her sentence. *See* ECF No. 1. Such a challenge is properly brought pursuant to § 2255, not pursuant to § 2241. *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer, 326 F.3d at 1365; Jordan, 915 F.2d at 629.

Further, as referenced above, Turner raised a point in her direct appeal challenging her sentence and the Eleventh Circuit affirmed. *See* Turner, 474 F.3d at 1280-81. Turner also challenged her conviction, sentence, and restitution in her § 2255 motion, which the court denied. Exs. 4, 5, and 6. Thus, Turner's instant § 2241 petition is an attempt to circumvent the restrictions on successive § 2255 motions. Because Turner has already filed a § 2255 motion, she cannot circumvent the statutory restriction on successive § 2255 motions by filing a § 2241 petition. *See* Gilbert, 640 F.3d at 1308. To proceed under § 2241, she has to show that § 2255 is "inadequate or ineffective" to challenge the legality of her detention. 28 U.S.C. § 2255(e).

As Respondent points out, <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013), is the only allegedly retroactive U.S. Supreme Court case that Turner identifies, in an apparent attempt to explain how she satisfies the <u>Wofford</u> test.  ECF No. 8 at 6-7; *see* ECF No. 1-1.  The Eleventh Circuit has held, however, that the <u>Alleyne</u> case does not apply retroactively to cases on collateral review.  <u>Jeanty v. Warden, FCI-Miami</u>, 757 F.3d 1283, 1285-86 (11th Cir. 2014).  Indeed, in <u>Jeanty</u>, the Eleventh Circuit explained:

> To challenge his sentence [in a § 2241 petition], Jeanty has to establish that he meets all of "the five specific requirements a § 2241 petitioner must satisfy to proceed under § 2255(e)." <u>Bryant v. Warden, FCC Coleman-Medium</u>, 738 F.3d 1253, 1257 (11th Cir. 2013).  Those five requirements are: (1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, this Court's precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition; (2) after the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent; (3) that Supreme Court decision applies retroactively on collateral review; (4) as a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and (5) the savings clause of § 2255(e) reaches his claim.  *See id.* at 1274.  We do not address all five requirements because doing so is not necessary to decide this case.  Jeanty fails to satisfy the third requirement, which is that the new rule announced in <u>Alleyne</u> applies retroactively on collateral review.  *See id.*

> Jeanty does not meet Bryant's third requirement because Alleyne does not apply retroactively on collateral review. *See id.* First, neither Alleyne itself nor any later Supreme Court decision holds that Alleyne is retroactive. *See* United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014). Second, the Alleyne Court explained that its holding was an application of the rule announced in Apprendi v. New Jersey, *see* Alleyne, 133 S.Ct. at 2163 (applying Apprendi, 530 U.S. 466 . . . (2000)), and we have repeatedly held that Apprendi's rule does not apply retroactively on collateral review. If Apprendi's rule is not retroactive on collateral review, then neither is a decision applying its rule. Finally, every one of our sister circuits to consider the issue in a published decision has concluded that Alleyne is not retroactively applicable on collateral review. We therefore conclude that Jeanty has not met Bryant's third requirement.

*Id.* at 1285-86 (citations omitted).

Therefore, Turner, like Jeanty, has not met Bryant's third requirement and, thus, may not proceed under the savings clause. She previously filed a § 2255 motion and the Eleventh Circuit has not authorized her to file a successive motion. Accordingly, this § 2241 petition should be dismissed for lack of jurisdiction.

## Conclusion

For the reasons set forth above, Turner has not shown entitlement to proceed under 28 U.S.C. § 2241. Accordingly, it is **RECOMMENDED** that

the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on December 17, 2015.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**